UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-10117 |
| | ) | |
| TRACY SZCZESNIAK | ) | |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| | ) | |
| | ) | JUDGE: HARRIS |

## MOTION TO AVOID JUDICIAL LIEN UNDER §522

Now come Debtor, Tracy Szczesniak, who humbly objects to an antecedent judicial lien on her real property and request this court for an Order to avoid this same lien. This lien, currently valued at $102,000.00, impairs her homestead exemption under R.C. 2329.66(A)(1)(b). This lien is subordinate to the mortgage on the property, is wholly unsecured, and may be rightfully avoided under §522(f). A Memorandum in Support of this Motion is attached.

Respectfully submitted,

  /s/Mark Graziani
Mark F. Graziani #0092927
Graziani Law, LLC
P.O. Box 1158
Norton, OH 44203
(330) 571-3350 (cell)
mark_graziani@yahoo.com

Attorney for Tracy Szczesniak

MEMORANDUM IN SUPPORT

**Relevant Facts:**

1. On December 12th, 2019, Tracy Szczesniak and her business partner Brian Johnson entered into a purchase agreement with the Ohio Liquor Network, LLC to purchase the assets of Brick's Tavern, a bar at 15200 Brookpark Road, Brookpark, OH 44142. The selling price was $100,000.00.

2. The partners put down $20,000.00 and financed the rest through the seller.

3. In January, 2020, the partners prepared the bar to open. They soon opened the doors, and immediately became aware that the numerous promises made by the seller to effect the agreement (sales and profit predictions, etc.) were all grossly inflated and not representative of the bar's actual potential.

4. Through February and into March, 2020, sales were almost non-existent, and the partnership soon concluded they had been swindled by the seller. Then, on March 15, 2020, Governor DeWine shut down the Ohio economy for six months because of Covid-19.

5. The bar closed after being open for less than two months. Tracy Szczesniak and Brian Johnson walked away from the bar, taking the modest assets (fixtures, etc.) of the bar with them to offset their $20,000 loss.

6. Ohio Liquor Network soon foreclosed on the note and, on August 27, 2020, received a default judgment for $85,000.00 plus 10% interest against the partners. The partners did not receive notice of the filings or this judgment.

7. Tracy Szczesniak owns a house at 15912 Edgewood Avenue, Maple Heights, OH 44137, but Brian Johnson does not own real property. Then, unbeknownst to her, the judgment lien was attached to Tracy Szczesniak's house.

8. In 2021, Tracy Szczesniak considered selling her house, and contacted a Realtor. The Realtor then informed her of the judgment lien impairing her ability to sell.

9. Tracy Szczesniak currently owes more on her house than it is worth. She has no equity, thus the $102,000.00 judgment lien is wholly unsecured.

10. Furthermore, the judgment lien is impairing Tracy Szczesniak's residence exemption under §2329.66(A)(1)(b).

11. Tracy Szczesniak now requests this court for an Order to avoid this lien under §522(f).

**Analysis:**

12. "Section 522(f) serves as but one example of Congress having exercised its power to allow the cancellation of a creditor's *in rem* interest in property by affording debtors the power to avoid judicial liens that impair otherwise valid exemptions." In Re: Jerew, No. 06-BK-33252, N.D. of Ohio (2009), at ¶20.

13. Bankruptcy Code §522(f)(1)(A) states (in part):

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – a judicial lien … .

14. The statutory text enumerates three elements to be satisfied for a debtor to avoid a lien under this section:

> (1) it must be a judicial lien;
>
> (2) the lien must be fixed against an interest of the debtor in property; and
>
> (3) the lien must impair an exemption to which the debtor would otherwise be entitled.

McCart v. Jordana, 232 B.R. 469. 473 (10th Cir. B.A.P 1999).

15. All three elements are satisfied here:

> (1) This lien is a non-consensual, judicial lien against Tracy Szczesniak, as shown by the Certificate of Judgment for Lien, Cuyahoga County, CV-20-936221, attached as Exhibit A.

(2) The lien is "fixed" [i.e. attached] against the interest of Tracy Szczesniak in her real property, 15912 Edgewood Avenue, Maple Heights, OH 44137. The term "fixed" is defined in In Re: Nielsen, 197 B.R. 665, 667-68 (9th Cir. B.A.P. 1996) as "attached to the property under applicable law."

(3) The lien impairs Tracy Szczesniak's homestead exemption of $125,000 as described in R.C. 2329.66(A)(1)(b).

16. Now that the first two threshold conditions above have been met, the only remaining analysis is to what extent the Tracy Szczesniak's exemption is impaired. §522(f)(2)(A) sets forth a formula for calculation:

> [A] lien shall be considered to impair an exemption to the extent that the sum of –
>
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that then debtor's interest in the property would have in the absence of any liens.

17. Here, §522(f)(2)(A) produces the following calculation:

> $159,379.00 – Sum of all Liens and Exemptions
>
> > $57,379.00 – Consensual mortgage (Nationstar Mortgage dba Mr. Cooper)
> >
> > $102,000.00 – Ohio Liquor Network subordinate judgment lien ($85,000.00 + 10% per year for two years)
> >
> > $51,800.00 – Appraised value of Debtors' interest in 15912 Edgewood Avenue, Maple Heights, OH 44137, absent any liens (106A/B)

18. Subtracting $159,379.00 from $51,800.00 leaves an impairment of $107,579.00, which subjects the Ohio Liquor Network lien to avoidance under §522(f)(1).

19. The fact that Tracy Szczesniak currently has no equity in the property (106A/B) is of no importance:

> [We hold] the formula in section 522(f)(2)(A) creates equity for purposes of lien avoidance, even if the debtors otherwise have no equity in the property. <u>In Re: Freeman</u>, 259 B.R. 104, 110 (Bankr. D.S.C. 2001).

20. Therefore, since all the elements of §522(f)(1)(A) have been met, Tracy Szczesniak humbly requests this Court for an Order to avoid the 2020 Ohio Liquor Network lien on their property.

21. The avoidance of the Ohio Liquor Network lien in this case is fully consistent with the other rulings of this Court (e.g. <u>In Re: Jerew</u>, 06-BK-33252 (2009) and <u>In Re: Williamson</u>, 05-BK-93394 (2006)).

22. For the above reasons, Debtor Tracy Szczesniak humbly requests this court for an Order to avoid the Ohio Liquor Network judicial lien from 2020 as properly avoidable under §522(f)(1).

Respectfully Submitted,

/s/Mark Graziani
Mark F. Graziani #0092927
Graziani Law, LLC
P.O. Box 1158
Norton, OH 44203
(330) 571-3350 (cell)
mark_graziani@yahoo.com

Attorney for Tracy Szczesniak